IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROY MCGEE, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:06-CV-2062-D (BH) |
| ) | ECF |
| BOARD OF PARDONS AND PAROLES, ) | Referred to U.S. Magistrate Judge |
| et al., ) | |
|     Defendants. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On November 7, 2006, the Court received the instant action with an application to proceed *in forma pauperis*. On January 30, 2007, after receiving a supporting certificate of inmate trust account, the Court granted plaintiff permission to proceed *in forma pauperis*. Nevertheless, because plaintiff filed this action while a prisoner in the Dallas County Jail, the Court informed him that he "shall pay **$350.00**, the balance of the filing fee, in monthly installments as provided in 28 U.S.C. § 1915(b)(1)." On April 3, 2007, plaintiff submitted a change of address which reflects that he is no longer in the Dallas County Jail or any jail or prison facility.

On June 4, 2007, the Court informed plaintiff that, "[a]lthough he is no longer incarcerated, he remains subject to the provisions of the Prison Litigation Reform Act (PLRA) due to his incarceration in the Dallas County Jail when he commenced this action." It further informed him that, "[d]ue to the applicability of the PLRA to this action, plaintiff must pay the full filing fee for

this action" in accordance with 28 U.S.C. § 1915(b)(1). Consequently, it ordered plaintiff to pay the full filing fee for this action within thirty days. It admonished plaintiff that failure to pay the filing fee within the time allotted may result in the dismissal of this action without prejudice pursuant to Fed. R. Civ. P. 41(b). To date, plaintiff has not paid the requisite filing fee or filed anything further in this action.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the Order of June 4, 2007, that he pay the filing fee within thirty days. Accordingly, the Court should dismiss his complaint without prejudice for failure to follow an order of the Court.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** this action without prejudice for failure to comply with an order of the Court pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 11th day of July, 2007.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE